■ TRAVELERS INDEMNITY COMPANY, Appellant, v RYDER TRUCK RENTAL, INC., et al., Respondents.—Judgment, Supreme Court, New York County, entered June 14, 1977, dismissing the complaint, is unanimously modified, on the law, to the extent of directing the entry of judgment declaring that defendants are not required to provide insurance coverage to the lessee Faljar Sten with respect to the lawsuit brought by the administratrix of the estate of Reino A. Helin arising out of the accident in the State of Maine which resulted in the death of said Helin, a resident of Massachusetts, and that defendants are not obligated to provide for the defense of said action on behalf of said Sten, and the judgment is otherwise affirmed, with one bill of $60 costs and disbursements to defendants-respondents. Sten rented the motor van here involved from defendants in New York setting forth his destination as Portland, Maine. The rental agreement provided for liability insurance for Sten to be furnished by defendants, but excluded from such coverage liability for injuries to Sten's "guests." The decedent Helin, a resident of Massachusetts, apparently joined Sten in Massachusetts and was a guest. The vehicle overturned while being operated in the State of Maine and Helin was killed. Under the Maine guest statute, the owner of a rental vehicle is apparently exempt from liability for injuries incurred by a guest passenger. Plaintiff had issued a liability insurance policy to Sten covering liability for damages imposed on Sten arising out of his operation of a nonowned vehicle. Plaintiff claims that New York law is applicable; that the exclusion in the rental contract of coverage for Sten's guests is a violation of New York law, specifically subdivision 2 of section 167 of the Insurance Law; and that therefore defendants are obligated to cover the liability as primary insurers. However, subdivision 2 of section 167 of the Insurance Law applies only to a vehicle "principally garaged or principally used in this state". The vehicle here involved was registered in Massachusetts. It was only temporarily in New York at the time Sten picked it up. It was not a vehicle "principally garaged or principally used in this state" and the

statute is thus inapplicable. However, as this is a declaratory judgment action, the complaint should not have been dismissed, but instead the rights of the parties should have been declared in favor of defendants. *(Lanza v Wagner,* 11 NY2d 317, 334.) Concur—Kupferman, J. P., Birns, Silverman, Fein and Markewich, JJ.